UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN OLAGUES and RAY WOLLNEY,<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>PERCEPTIVE ADVISERS LLC, JOSEPH EDELMAN, PERCEPTIVE LIFE SCIENCES MASTER FUND LTD., and REPROS THERAPEUTICS INC.<br><br>　　　　　Defendants. | Civil Case No**.:**  5:15-CV- 1190-AJN-SN<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO WITHDRAW** |

### I.　　　INTRODUCTION

As appears from the Declaration of Jason J. Kane served and filed herewith, he, his colleague, Christopher J. Gray, and their law firms seek to be relieved as attorneys of records for Plaintiffs.  The grounds for the motion are that Plaintiffs believe they can more effectively prosecute their claims after severing the attorney-client relationship.  Obviously, this belief will limit the effectiveness of the representation that counsel can provide to Plaintiffs.  As a result, Plaintiffs and undersigned counsel have agreed that it is in Plaintiffs' best interest for the law firm to withdraw as counsel.  Having received notice in writing of counsel's intent to withdraw, Plaintiffs acknowledged and consented to the withdrawal of counsel.  All other parties have also received notice of counsel's intention to withdraw and have indicated, through counsel, that they do not intend to object.

Furthermore, undersigned counsel has not sought compensation for the legal services provided to date and will not put a lien on the file or seek any such compensation at a later date.

This case is at an early stage and withdrawal will not adversely effect Plaintiffs. Defendants have not yet filed a response to the Amended Complaint. Defendants' Answer or moving papers are due on October 16, 2015. Plaintiffs' Opposition to moving papers, if any, are due on November 16, 2015. Plaintiffs are aware of these deadlines. As a result, the parties will not suffer any prejudice if the motion to withdraw is granted.

## II.   GOOD CAUSE EXISTS TO ALLOW COUNSEL TO WITHDRAW AS ATTORNEYS OF RECORD

This motion is made pursuant to the New York Rules of Professional Conduct and Local Civil Rule 1.4.

According to the New York Rules of Professional Conduct 1.16(c)(1) and (10), a lawyer may withdraw from representing a client when "withdrawal can be accomplished without material adverse effect on the interests of the client" or "the client knowingly and freely assents to termination of the employment." New York Rules of Professional Conduct 1.16(c)(1) and (10). According to Local Civil Rule 1.4,

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Local Rule 1.4

As appears more fully from the Declaration of Jason J. Kane served and filed herewith, after numerous conversations about the prosecution of this case, Plaintiffs have reached the conclusion that it is in their best interest to sever the attorney-client relationship between themselves and undersigned counsel. Plaintiffs have been informed of the deadlines in this matter

as well as any foreseeable risks ahead in this litigation.  As such, the requested withdrawal will not have a materially adverse effect on Plaintiffs' interests and Plaintiffs have knowingly and freely assented to the termination of the attorney-client relationship.

Pursuant to Local Rule 1.4, undersigned counsel has shown by affidavit of satisfactory reasons for withdrawal, the posture of the case and indicated that they have not and will not seek to compensated by lien or otherwise for the services rendered and respectfully request an order of the court granting withdrawal.

### III.   CONCLUSION

For the above-stated reasons, as more fully set forth in the attached Declaration, moving parties respectfully request the court to permit Jason J. Kane and Christopher J. Gray to withdraw as attorneys of record in this action for Plaintiffs.

                                           PEIFFER ROSCA WOLF ABDULLAH CARR & KANE, A PROFESSIONAL LAW CORPORATION

Dated: October 9, 2015                            By:   /s/ Jason J. Kane  
                                                                 Jason J. Kane  
                                                                   Attorneys for PLAINTIFF J.D. JORDAN

PROOF OF SERVICE

  I, Jason J. Kane hereby certify that a copy of the foregoing **NOTICE OF UNOPPOSED MOTION OF JASON J. KANE, CHRISTOPHER GRAY AND THEIR RESPECTIVE FIRMS TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS; MEMORANDUM IN SUPPORT OF MOTION** has been served upon Plaintiffs John Olagues and Ray Wollney by mail and electronic mail on October 8, 2015 as follows:

| | |
|---|---|
| John Olagues | Ray Wollney |
| 413 Sauve Road | 8331 Whiskey Preserve Circle |
| River Ridge, LA 70123 | Fort Myers, FL 33919 |
| olagues@gmail.com | rwollney1@comcast.net |

        /s/ Jason J. Kane
        Jason J. Kane
        PEIFFER ROSCA WOLF ABDULLAH CARR & KANE
        A Professional Law Corporation
        15 Fishers Road, Ste. 202
        Pittsford, New York 14534
        Telephone: (585) 310-5140
        jkane@prwlegal.com