UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN OLAGUES and RAY WOLLNEY, <br><br>     Plaintiffs, <br><br><br>        v. <br><br><br> PERCEPTIVE ADVISERS LLC, JOSEPH EDELMAN, PERCEPTIVE LIFE SCIENCES MASTER FUND, LTD., and REPROS THERAPEUTICS INC., <br><br>     Defendants. | Case No. 1:15-CV-01190-AJN-SN |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PERCEPTIVE ADVISERS LLC, JOSEPH EDELMAN AND PERCEPTIVE LIFE SCIENCES MASTER FUND, LTD.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700

*Attorneys for Defendants*
*Perceptive Advisers LLC, Joseph Edelman*
*and Perceptive Life Sciences Master Fund, Ltd.*

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ...................................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................................. 1

**STATEMENT OF FACTS** .......................................................................................................... 2

**ARGUMENT** ................................................................................................................................ 3

    **PLAINTIFFS' COMPLAINT FAILS TO STATE A
CLAIM UPON WHICH RELIEF MAY BE GRANTED** ...................................... 3

        A.    Applicable Standard Under Federal Rule of Civil
Procedure 12(b)(6) .......................................................................................... 3

        B.    The Perceptive Defendants Are Not Subject To Section
16(b) Liability Because They Ceased To Be Beneficial
Owners As of Friday, March 15, 2013 When The Puts
Were Exercised ................................................................................................ 4

    **CONCLUSION** ...................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40 (2d Cir. 1991) ...................................................... 3

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................... 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 3

*Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305 (2d Cir. 1998) ..................................... 4

*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) ................................................................................. 3

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010) ....................................................................... 3

*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085 (2d Cir.1995) .................................................. 9

*In re Bear Stearns Companies Inc. Sec., Derivative & ERISA Litig.*,
    763 F. Supp. 2d 423 (S.D.N.Y. 2011) ..................................................................................... 6

*In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ..................... 8, 9

*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991) .................................................. 3, 6, 7

*Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192 (3rd Cir. 1993) ................. 4

*Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418 (1972) ............................................ 4, 5, 6

*Roth v. Goldman Sachs Group, Inc.*, 740 F.3d 865 (2d Cir. 2014) ........................................... 5, 6

*United States v. Larionoff*, 431 U.S. 864 (1977) ......................................................................... 5

**Statutes and Rules**

Fed. R. Civ. Pro. 12(b)(6)..………………………………………………………………....2, 3
15 U.S.C.A. § 78p(b) ............................................................................................... *passim*
17 C.F.R. § 240.13d-1(j)................................................................................................. 6
17 C.F.R. § 240.16b-6(d)............................................................................................ 4, 5
17 C.F.R. 240.13d-1 ...................................................................................................... 7
17 C.F.R. 240.13d-2 ...................................................................................................... 7

**Other Authorities**

SEC Release No. 34-18114................................................................................................ 7

## PRELIMINARY STATEMENT

The claim asserted in this action is entirely without merit and is contrary to both the express terms of the statute upon which it is based and controlling Second Circuit precedent. Plaintiffs John Olagues and Ray Wollney allege that Defendants Perceptive Life Sciences Master Fund, Ltd. (the "Fund"), Joseph Edelman ("Edelman") and Perceptive Advisers, LLC (the "Adviser," and together with Edelman and the Fund, the "Perceptive Defendants") are liable for "short swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Exchange Act") ("Section 16(b)) in connection with the writing and expiration of certain call options of Repros Therapeutics, Inc. ("RPRX"). Section 16(b) requires "statutory insiders" (*e.g.*, officers, directors or owners of greater than 10% of a company) to disgorge profits derived from transactions that occur within a six-month period; in this case, the writing of a series of call options by the Fund (the "Calls"), which gave the purchaser the right to purchase RPRX common stock, and their later expiration on March 16, 2013. Plaintiffs contend that the Perceptive Defendants were statutory insiders by virtue of their ownership of more than 10% of the stock of RPRX. In order for the Perceptive Defendants to be held liable for short-swing profits in this case, Plaintiffs are required to show that the Perceptive Defendants were insiders both at the time the Calls (as defined below) were written and at the time they expired.

The fatal defect in Plaintiffs' claim – which is evident from the face of the First Amended Complaint (the "Amended Complaint") – is that the Perceptive Defendants were not 10% beneficial owners at the time the Calls expired. The Perceptive Defendants' beneficial ownership fell below 10% the day prior to the expiration of the Calls as a result of an exercise of put options in RPRX. These plain facts – which Plaintiffs themselves allege – defeat Plaintiffs' claim, and Plaintiffs' attempt to dance around them is to no avail.

1

Because Plaintiffs' Amended Complaint fails to set forth any valid claim upon which relief could be granted, it must be dismissed in its entirety.[1]

## STATEMENT OF FACTS

For purposes of this motion to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), Plaintiffs' well-pleaded allegations are accepted as true.[2] They are briefly summarized as follows: Plaintiffs, as shareholders of RPRX, initiated this derivative action on behalf of RPRX pursuant to Section 16(b) to recover alleged short swing profits realized by the Perceptive Defendants. (Compl. ¶ 1.)[3] The Defendant Fund is a private investment fund managed by the Defendant Adviser. (Compl. ¶ 10.)  Defendant Joseph Edelman is a principal of the Adviser. (Compl. ¶ 11.)  As alleged in the Amended Complaint, the Perceptive Defendants filed a Form 4 with the Securities and Exchange Commission (the "Form 4")[4] reporting that on Friday, March 15, 2013, the Fund exercised put options which gave them the right to sell 2,050,000 shares of RPRX (the "Puts") and on Saturday, March 16, 2013, the Calls expired.   (Compl. ¶ 17; Ex. A to Declaration of Ralph A. Siciliano, dated October 13, 2015 ["Siciliano Decl."].)

As a result of the exercise of the Puts, the Fund's beneficial ownership of RPRX common stock fell below 10% on March 15, 2013, one day before the Calls expired. (Form 4; RPRX's Quarterly Report on Form 10-Q for the quarter ended September 30, 2012, annexed to the Siciliano Decl. at Exs. A and B, respectively.)  As discussed more fully below, because the Fund

---

[1] Since this is a derivative action brought on behalf of RPRX, it is a nominal defendant, and once the claim is dismissed as to the Perceptive Defendants, the action would, *a fortiori,* be dismissed as to RPRX.

[2] The facts recited herein are accepted as true solely for the purposes of this motion, and the Perceptive Defendants reserve the right to dispute any or all of the facts alleged in the Amended Complaint in the event this motion is not granted.

[3] "Compl. ¶ __" refers to paragraphs of the First Amended Complaint.

[4] As discussed at pp. 3-4, *infra,* the Court may take judicial notice of documents incorporated by reference in the complaint and documents filed with the Securities and Exchange Commission.

did not own 10% or more of the common stock of RPRX when the Calls expired, it and the other Perceptive Defendants are not liable for short-swing profits as a result of the transactions alleged in the Amended Complaint, and, consequently, the Amended Complaint must be dismissed.

## ARGUMENT

### PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

#### A. Applicable Standard Under Federal Rule of Civil Procedure 12(b)(6)

To survive a motion to dismiss, a claimant must allege sufficient facts which, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To determine plausibility, courts employ a "two-pronged approach." *Iqbal*, 556 U.S. at 679. First, while a court must accept all allegations as true, this principle is inapplicable to legal conclusions; and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Second, a court must determine whether "well-pleaded factual allegations" assumed to be true "plausibly give rise to an entitlement to relief." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (*quoting Iqbal*, 556 U.S. at 679).

A court's "consideration [on a motion to dismiss] is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). It is well settled that courts may take judicial notice of public records on a motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1197 (3rd Cir. 1993). "Securities and Exchange Commission filings fall within this category of public records." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

**B.      The Perceptive Defendants Are Not Subject To Section 16(b)
Liability Because They Ceased To Be Beneficial Owners As of
Friday, March 15, 2013 When The Puts Were Exercised**

Section 16(b) requires statutory insiders (*i.e.*, directors, officers, and 10% beneficial owners) to disgorge to the issuer profits that result from matching purchases and sales of the issuer's securities which occurred within six months of each other, but only if the insider was a beneficial owner at the time of the purchase and sale. In relevant part, Section 16(b) provides as follows:

> For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months . . . shall inure to and be recoverable by the issuer . . . . *This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security.*

15 U.S.C.A. § 78p(b) (emphasis added). Thus, the four elements for establishing potential liability under Section 16(b) are "(1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities [at the time of purchase and time of sale] (4) within a six-month period." *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir. 1998). In accordance with these mandates, courts consistently have held that for purposes of imposing Section 16(b) liability, a beneficial owner must be so "both at the time of the purchase and sale . . . of the security involved." *Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 423 (1972).

As part of regulations adopted in 1991 to address derivative securities under Section 16, the Securities and Exchange Commission (the "SEC") promulgated Rule 16b-6(d), pursuant to Section 16(b), which provides in relevant part: "Upon cancellation or expiration of an option within six months of the writing of the option, any profit derived from writing the option shall be recoverable under Section 16(b) of the Act." 17 C.F.R. § 240.16b-6(d) (hereinafter referred to as

4

"Rule 16b-6d"). As courts have recognized, the SEC is not permitted to expand liability beyond the statute it is interpreting. *See United States v. Larionoff*, 431 U.S. 864, 873 (1977). Thus, Rule 16b-6(d) must be read consistently with Section 16(b): that is, under the Rule, profits are only recoverable if the writing of the option and the expiration of the option occurred while the person was a statutory insider. This was confirmed by the Second Circuit in *Roth v. Goldman Sachs Group, Inc*., 740 F.3d 865 (2d Cir. 2014).

In *Goldman*, a shareholder brought an action under Section 16(b) and Rule 16(b)-6(d) alleging that Goldman failed to disgorge profits realized by writing short call options that expired unexercised. While the writing and the expiration of the calls occurred during a six-month time period, and Goldman was a greater-than-10% owner at the time the calls were written, Goldman's beneficial ownership fell below 10% before the calls expired. Thus, Goldman was not a statutory insider when the calls expired. *Id*. at 871-72.  The parties in *Goldman* agreed that the writing of a call option constitutes a sale of a derivative security. *Id.* at 871.  The Court held that the expiration of the call options within six months of their being written constituted a "purchase" for purposes of 16(b). *Id.* at 871.  The Court also held that the "two transactions – a sale and a purchase of securities – are required to trigger liability under Section 16(b), and the status as a statutory insider must exist at the time of each transaction." *Id*. at 870 (citing *Reliance*, 404 U.S. at 423-25). The Court noted that the Supreme Court in *Reliance* "allowed a statutory insider to purposefully drop its holdings to slightly under ten percent so as to sell the remainder without liability under Section 16(b)." *Goldman,* 740 F.3d. at 874 (Section 16(b) "'clearly contemplates that a statutory insider might sell enough shares to bring his holdings below ten percent, and later—but still within six months—sell additional shares free from liability under the statute.'" (citing *Reliance,* 404 U.S. at 423)). Since the calls expired when Goldman's

5

beneficial ownership fell below 10%, the Second Circuit held that Goldman was not required to disgorge profits under Section 16(b). 740 F.3d at 875.

*Goldman* is directly controlling here and requires dismissal of the Amended Complaint. As alleged in the Amended Complaint and confirmed in the Perceptive Defendants' Form 4, the Perceptive Defendants exercised the Puts and disposed of 2,050,000 shares of RPRX common stock on March 15, 2013. (*See* Compl. ¶ 17; Siciliano Decl., Ex. A.)[5]  Following the disposition of the shares underlying the Puts, the Perceptive Defendants beneficially owned 812,560 shares of RPRX common stock.  (Siciliano Decl., Ex. A.) Under Exchange Act Rule 13d-1(j), 17 C.F.R. § 240.13d-1(j), insiders are entitled to rely on the outstanding share number reported in the issuer's most recent public filing when determining 10% beneficial owner status. On March 15, 2013, the most recently reported outstanding share number for RPRX common stock was 17,116,357 shares, as reported in RPRX's Quarterly Report on Form 10-Q for the quarter ended September 30, 2012, filed with the SEC on November 14, 2012. (Siciliano Decl., Ex. B.) Therefore, following the exercise of the Puts on March 15, 2013, the Perceptive Defendants beneficially owned only 4.7% of RPRX common stock.  Indeed, the Perceptive Defendants then amended their report on Schedule 13G to reflect this reduction in beneficial ownership as of

---

[5] A Form 4 is required to be filed with the SEC by statutory insiders pursuant to Section 16(a) of the Exchange Act whenever such insiders engage in certain transactions in the securities of the company of which they are an insider. As alleged in paragraph 13 of the Amended Complaint, the Fund reported its exercise of the Puts on March 15, 2013 and the expiration of the Calls on March 16, 2013, in a Form 4 filed with the SEC on March 20, 2013.  As noted above, the Court can take judicial notice of the Form 4 both as a document incorporated by reference into and integral to Plaintiffs' complaint and as a public filing with the SEC.  *See Kramer,* 937 F.2d at 774; *In re Bear Stearns Companies Inc. Sec., Derivative & ERISA Litig.*, 763 F. Supp. 2d 423, 583-84 (S.D.N.Y. 2011) (Form 4s filed with the SEC are properly considered on a motion to dismiss).

March 15, 2013.   (Siciliano Decl., Ex. C.)[6] When the Calls expired on March 16, 2013, the Perceptive Defendants were no longer 10% beneficial owners and thus the expiration of the Calls is not subject to liability under Section 16(b) and Rule 16b-6(d).   Plaintiffs themselves allege these very facts, that the Puts were exercised on March 15, 2013 and the Calls expired on March 16, 2013, and expressly rely on the Perceptive Defendants' Form 4 reporting these transactions without question. (Compl. ¶¶ 13-14.)

Plaintiffs attempt to overcome the fact that the Puts were exercised on March 15th by conclusorily alleging in Paragraph 17 that "[t]he exercise of the puts was processed on Saturday, March 16, 2013 . . . ." If the exercise of the Puts (on March 15, 2013) was in fact "processed" on March 16, 2013,[7] that assertion is consistent with Plaintiffs' own allegation that they *were*, indeed, exercised on March 15th. By definition, puts can only be processed after they are exercised.   Further, it is irrelevant when the Puts were "processed" for these purposes.   Instead, the trade date – the date on which the Puts were exercised – is the relevant date for reporting Section 16 transactions and changes in beneficial ownership.   *See* SEC Release No. 34-18114, Questions 16 and 18 (Sep. 24, 1981) (an insider "divests himself of beneficial ownership at the time he makes a firm commitment for its sale" [*i.e.,* the trade date], not the date of the settlement

---

[6] A Schedule 13G is required by Section 13(d) and Rule 13d-1 of the Exchange Act to be filed with the SEC by persons holding greater than 5% of a class of an issuers' securities.  17 C.F.R. 240.13d-1.  Amendments are required annually to update ownership and, for reporting persons owning more than 10% of a class, promptly following a reduction in ownership of 5% or more.  17 C.F.R. 240.13d-2.  In this case, the Perceptive Defendants amended Schedule 13G based on the reduction in ownership due to the exercise of puts on March 15, 2013 and reported ownership based on the 812,560 shares of RPRX common stock owned following the exercise of the puts, noting 4.35% ownership on their Schedule 13G Amendment due to the use of a more updated outstanding share number that appeared in the issuer's annual report, filed after March 15, 2013 but before the amended Schedule 13G was filed.  (Siciliano Decl., Ex. D.)  As with the Perceptive Defendants' Form 4, the court can and should take judicial notice of the amended Schedule 13G and RPRX's Quarterly and Annual Reports as public filings with the SEC.  *See* pp. 6-7, *supra*.

[7] It is unclear what Plaintiffs mean by "processed," but it appears that they are referring to the process of settling the transaction – the process of delivering the shares – versus the "trade date," or the date on which an order for a transaction is placed.

of the trade).  As Plaintiffs themselves allege, the trade date for the exercise of the Puts was March 15, 2013, and that is therefore the date on which the Perceptive Defendants were required to – and did in fact – report the transactions and the corresponding decrease in beneficial ownership in RPRX common stock.

Plaintiffs also attempt to overcome the irrefutable fact that the Calls expired on March 16 with the conclusory allegation that "the calls were cancelled on Friday [March 15, 2013]."  This allegation that the Calls were cancelled does not include Plaintiffs' basis for the claim of "cancellation," and they cannot provide one as it is a complete fabrication.  Indeed, the notion makes no sense, as there is no reason why anyone would cancel call options on Friday when they are scheduled to expire unexercised on Saturday.  Further, the allegation that the Calls were cancelled on March 15, 2013 is directly contradicted by the allegation in paragraph 13, which clearly lists the expiration date of all of the Calls as March 16, 2013. The expiration of the Calls is also explicitly set forth in the Form 4 filed by the Perceptive Defendants, which is referenced in paragraph 13 of the Amended Complaint.  (Siciliano Decl., Ex. A.)  Plaintiffs' allegation regarding the purported cancelation of the shares on Friday, March 15 is further contradicted by the allegation in paragraph 15 of the Amended Complaint that the "last day for the above-referenced [Calls][8] to be exercised was March 15, 2013." Obviously, the Calls could not have been exercised on March 15th if they were cancelled on that date.  Nor could the Calls have expired on March 16th if they had been cancelled on March 15th.

Based on the foregoing inconsistencies and contradictions in the Amended Complaint, Plaintiffs' contention that the Calls were cancelled is completely unfounded and should be ignored. *See In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y.

---

[8] The reference to "shares" in the Amended Complaint is obviously a typographical error.

2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."); *see also Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1095 (2d Cir.1995) (sustaining dismissal of the complaint where "attenuated allegations" supporting a claim "are contradicted both by more specific allegations in the complaint and by facts of which (the court) may take judicial notice.").

In sum, the only logical inference from the allegations in the Complaint is that the Puts were exercised on March 15, 2013 and the Calls expired on March 16, 2013, and by virtue of the exercise of the Puts, the Fund did not beneficially own 10% or more of RPRX common stock when the Calls expired.

<u>CONCLUSION</u>

Based on the foregoing, the Perceptive Defendants respectfully request that this Court dismiss Plaintiffs' Amended Complaint in its entirety.

Dated: New York, New York
           October 13, 2015

                                                    TANNENBAUM HELPERN SYRACUSE
                                                     & HIRSCHTRITT LLP

                                                    By:     /s/ Ralph A. Siciliano
                                                              Ralph A. Siciliano

                                                    900 Third Avenue
                                                    New York, New York 10022
                                                    Phone No. (212) 508-6700
                                                    *Attorneys for Defendants*
                                                    *Perceptive Advisers LLC,*
                                                    *Joseph Edelman and Perceptive*
                                                    *Life Sciences Master Fund Ltd.*

9