**TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP**

900 THIRD AVENUE

NEW YORK, NEW YORK 10022-4775

(212) 508-6700

FACSIMILE: (212) 371-1084

Ralph A. Siciliano
Writer's Direct Dial: (212) 508-6718
E-mail: Siciliano@thsh.com

January 21, 2016

Honorable Alison J. Nathan
United States District Judge
United States District Court for the
Southern District of New York
Thurgood Marshall
United States Courthouse, Room 906
40 Foley Square
New York, NY 10007

    **Re:** *Olagues, et ano. v. Perceptive Advisers LLC, et al.*
       *15-cv-1190 (AJN)*

Dear Judge Nathan:

    We represent Defendants Perceptive Advisers, LLC, Perceptive Life Sciences Master Fund, Ltd., and Joseph Edelman (collectively, the "Perceptive Defendants") in the above-referenced matter. We submit this letter in response to Plaintiffs' letter to Your Honor dated January 15, 2016, in which they request that the Court delay the oral argument on the Perceptive Defendants' pending motion to dismiss (the "Motion to Dismiss") in order to allow them to conduct discovery. Defendants respectfully request that the Court deny the Plaintiffs' request and that discovery be stayed until after the disposition of the Motion to Dismiss.

    The Motion to Dismiss is fully submitted and the Perceptive Defendants have requested oral argument on the motion. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause shown." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Spencer Trask Software and Info. Services, LLC v RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (SDNY 2002). As discussed below, a stay of discovery is justified in this case.

    First, as reflected in Defendants' moving papers, the Motion to Dismiss is supported by substantial statutory and regulatory authority, as well as applicable case law, and is potentially dispositive of the entire action. *See Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (SDNY Dec. 14, 1994) (holding that a stay of discovery should be granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.").

    Second, Plaintiffs cannot credibly contend that they will be prejudiced by the imposition of a stay. Because Plaintiffs have already submitted their Opposition to the Motion to Dismiss,

1

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

Honorable Alison J. Nathan
January 21, 2016
Page 2

any extraneous evidence submitted to the Court would be improper and inadmissible and would have no bearing on the Motion's outcome. *See United States v. Barnes,* 158 F.3d 662, 672 (2d Cir. 1998) ("Normally, we will not consider arguments raised for the first time in a reply brief, let alone [at or] after oral argument."). Also, Plaintiffs have not issued any discovery requests in the 11 months since this action was commenced and, even in their January 15, 2016 letter to the Court, they have not indicated what discovery they wish to obtain. Thus, Plaintiffs would be hard-pressed to demonstrate that they would be prejudiced by having discovery stayed until the Motion to Dismiss is decided.

Third, pursuant to Fed. R. Civ. P. 56(a), the Motion for Summary Judgment reflects Plaintiffs' belief that there are no disputed material facts in this action and that Plaintiffs are entitled to judgment as a matter of law. To this point, Plaintiffs specifically state on page 2 of their brief in support of the Motion for Summary Judgment that "Plaintiffs have alleged and proven all of the required elements of this Section 16(b) suit pursuant to SEC Rule 16b-6(d) below." Consequently, Plaintiffs have not demonstrated their need to commence discovery in this case at all, let alone before the disposition of the Motion to Dismiss.

Finally, the parties in this action have not yet met and conferred pursuant to Fed. R. Civ. P. 26(f)(1). Under Fed. R. Civ. P. 26(d), a party may not seek discovery from any source before the parties have conferred in advance of a Rule 26(f) conference.

For the foregoing reasons, the Perceptive Defendants respectfully request that the Court deny Plaintiffs' request to delay oral argument on the Motion to Dismiss in order to permit them to conduct discovery, and the Perceptive Defendants further request the Court to stay discovery until after the Motion to Dismiss is decided by issuing a Memorandum Endorsed Order, in the place provided below.

As an aside, the Perceptive Defendants ask the Court to disregard any substantive arguments of law or fact presented in Plaintiffs' January 15, 2016 letter. To the extent that Plaintiffs have included such arguments as further opposition to the Motion to Dismiss, this Court's Individual Practice Rule on Memoranda of Law provides that "[s]ur-reply memoranda will not be accepted without prior permission of the Court."

Respectfully submitted,

Ralph A. Siciliano

TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP

Honorable Alison J. Nathan
January 21, 2016
Page 3

cc: John Olagues (via e-mail to olagues@gmail.com and First-Class Mail)
    Ray Wollney (via e-mail to rwollney1@comcast.net and First-Class Mail)
    *Plaintiffs, Pro Se*

It is so-ordered that Plaintiffs' request to delay oral argument on the pending Motion to Dismiss the Second Amended Complaint in order to permit them to conduct discovery is denied and discovery is hereby stayed until said Motion to Dismiss is decided.

_____
U.S.D.J.